IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TYRONE LOWE,       :<br>     Petitioner,       :<br>                  :<br>  v.              :<br>                  :<br>YORK COUNTY JUDICIAL  :<br>CENTER,              :<br>     Respondent.       : | 1:14-cv-1322<br><br>Hon. John E. Jones III |

## **MEMORANDUM**

### **July 22, 2014**

On July 10, 2014, Petitioner, Tyrone Lowe, an inmate currently confined at the York County Prison, filed a *pro se* petition for writ of habeas corpus. (Doc. 1). He challenges ongoing state criminal proceedings in the Court of Common Pleas of York County. (Doc. 1). Specifically, he challenges the decisions to continue his trial, the validity of his underlying arrest, and the legality of his confinement. (Doc. 1).

Although Petitioner does not indicate whether he filed his petition pursuant to 28 U.S.C. § 2241 or § 2254, he is in state custody pursuant to state charges; thus, Petitioner must rely on section 2254 to bring claims challenging the validity of his confinement.[1] *See Coady v. Vaughn*, 251 F.3d 480, 486 (3d Cir. 2001).

---

[1] Petitioner states that he is seeking relief pursuant to 42 Pa.C.S. § 6501, the state's habeas corpus statute. (Doc. 1).

Accordingly, it will be considered a petition brought pursuant to 28 U.S.C. § 2254. The petition is currently before the Court for screening and will be dismissed.

On July 17, 2014, Petitioner filed a motion for leave to proceed *in forma pauperis*, which will be granted for the sole purpose of filing this action. (Doc. 4).

## I.    BACKGROUND

### *A.    State Court Proceedings*

The Court has reviewed the state court docket[2] in the Court of Common Pleas of York County and ascertained the following:

Petitioner was arrested on January 23, 2013 by the York City Police Department and charged with Manufacture, Delivery, or Possession with Intent to Manufacture or Deliver. *Commonwealth v. Lowe*, CP-67-CR-0002747-2013.

On January 25, 2013, Magisterial District Judge Linda Williams set bail at $10,000.00. *See* CP-67-MD-0000970-2013. Counsel was subsequently appointed to represent Petitioner. *Id.*

On May 17, 2013, a Criminal Information was filed and Petitioner was arraigned. *Commonwealth v. Lowe*, CP-67-CR-0002747-2013.

On July 22, 2013, Petitioner's counsel filed a motion to compel disclosure of

---

[2] *See* Pennsylvania's Unified Judicial System Webportal, Common Pleas Courts Docket Sheets, available at: http://ujsportal.pacourts.us/DocketSheets/CP.aspx

the identity of a confidential informant. *Id.* The motion was denied on November 14, 2013. *Id.*

On June 13, 2014, Petitioner's counsel filed a motion to dismiss pursuant to Rule 600.[3] *Id.* The motion was denied on July 1, 2014. *Id.* The matter is currently awaiting trial in the York County Court of Common Pleas. *Id.*

B.   *Habeas Petition*

Petitioner filed the instant action asserting that he is being illegally confined at the York County Prison "without the commencement of trial, in violation of the speedy trial rule." (Doc. 1, p. 4). In his petition, he states that a pre-trial conference was originally set for June 20, 2013 and his case was scheduled for the August 2013 trial term. (Doc. 1). The trial was continued until April 2014, May 2014, and continued again to June 2014, at the request of the District Attorney. *Id.* Petitioner states that the District Attorney requested continuances due to "time constraints and availability of witnesses." (Doc. 1, p. 3). Additionally, Petitioner argues that his preliminary hearing was not properly held within three (3) to ten (10) days of his arraignment. (Doc. 1, p. 6).

Petitioner also contests the denial of his motion to compel the identity of the confidential informant by the York County Court of Common Pleas. (Doc. 1, pp.

---

[3] 234 Pa. Code Ch. 6, Rule 600. Prompt Trial.

4-5).

Further, he argues that the underlying police complaint and the affidavit of probable cause were invalid because the Magisterial District Judge's commission was expired. (Doc. 1, pp. 5-6).

For relief, Petitioner requests that this Court award him "the relief of having this matter dismissed with prejudice, ... , directing the York County Prison to have the body of the Defendant brought before your Honor immediately, ... , [to] certify specifically and fully the true causes of his confinement, [and] detention." (Doc. 1, p. 7).

## II.   DISCUSSION

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, habeas corpus petitions must be promptly screened[4] and are subject to summary dismissal "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *See* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts; *see also Belt v. Scism*, 2010 U.S. Dist. LEXIS 97052, *2-3 (M.D. Pa. 2010) ("A petition may be

---

[4] Prior to initial screening, the court would usually issue an administrative order in accordance with *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999), and *Mason v. Meyers*, 208 F.3d 414 (3d Cir. 2000), advising Petitioner of the limitations upon his right to file another section 2254 petition in the future and granting him leave to withdraw his petition to file another petition raising all grounds for relief. However, because the instant habeas petition will be dismissed without prejudice and without a review of the merits, such notice is not required.

dismissed without review of an answer 'when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself . . . .'").

Pursuant to 28 U.S.C. § 2254, a person in state custody may file an application for a writ of habeas corpus challenging the fact or length of his or her confinement. However, this section specifically provides that the person must be "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a). It is apparent from the instant petition that Petitioner has not yet been tried or convicted on the criminal charges he faces in York County. Therefore, he is not yet in custody pursuant to the judgment of a state court.

In *Younger v. Harris*, the United States Supreme Court "established a principle of abstention when federal adjudication would disrupt an ongoing state criminal proceeding." *Yi Yang v. Tsui*, 416 F.3d 199, 202 (3d Cir. 2005) (discussing *Younger*, 401 U.S. 37 (1971)). *Younger* abstention "is premised on the notion of comity, a principle of deference and 'proper respect' for state governmental functions in our federal system." *Evans v. Court of Common Pleas, Delaware County, Pa.*, 959 F.2d 1227, 1234 (3d Cir. 1992). Comity concerns are especially heightened when the ongoing state governmental function is a criminal proceeding. *Id.*

The specific elements that warrant abstention are that "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims." *Schall v. Joyce*, 885 F.2d 101, 106 (3d Cir. 1989).

Exceptions to the *Younger* doctrine exist where irreparable injury is "both great and immediate," where the state law is "flagrantly and patently violative of express constitutional prohibitions," or where there is a showing of "bad faith, harassment, or . . . other unusual circumstance that would call for equitable relief." *Younger*, 401 U.S. at 46, 53-54. The exceptions are to be narrowly construed. *Hall v. Pennsylvania*, 2012 WL 5987142, *2 (M.D. Pa. 2012) (citing *Loftus v. Township of Lawrence Park*, 764 F. Supp. 354, 357 (W.D. Pa. 1991)).

In the present matter, it is clear that there is an ongoing state criminal prosecution of Petitioner regarding which his request for relief would interfere; the state proceedings implicate the important state interest of enforcing its criminal laws; and Petitioner has an opportunity to raise his claims in his state criminal proceedings. Further, Petitioner has failed to show that he falls within any of the narrow exceptions to the *Younger* doctrine.

Accordingly, it is appropriate to abstain from entertaining the petition out of

deference to the state judicial process. *See Everette v. Warden of Dauphin County*, 2010 WL 1485722 (M.D. Pa. 2010) (holding that the *Younger* elements were met regarding the petitioner's contention that his speedy trial rights were being violated by the state criminal court).

Moreover, this Court notes that the petition could also be dismissed based on Petitioner's failure to exhaust administrative remedies. *See Arndt v. Pennsylvania*, 2011 WL 3876161, *3-4 (M.D. Pa. 2011) (holding that as an alternative to dismissing the habeas petition based on the abstention doctrine, it could be dismissed for the petitioner's failure to exhaust state court remedies). Section 2254 provides: "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that-- ... the applicant has exhausted the remedies available in the courts of the State...." 28 U.S.C. § 2254(b)(1)(A). A review of the state court's docket sheet shows that Petitioner has not raised and/or exhausted the claims made in the instant matter. *See Commonwealth v. Lowe,* CP-67-CR-0002747-2013.

### III. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A COA may issue only if the applicant

has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In the present matter, jurists of reason would not find the procedural disposition of this case debatable. Accordingly, no COA will issue. *See Davison v. Barrasse*, 2010 WL 3703312 (M.D. Pa. 2010) (dismissing the habeas petition without prejudice pursuant to *Younger* and determining that a certificate of appealability should not issue).

### IV.   CONCLUSION

The habeas corpus petition will be dismissed without prejudice due to Petitioner's ongoing state court criminal proceedings. A certificate of appealability

will not issue.

    An appropriate Order follows.